UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA
*ex rel.* JANET WALTON and
TIM YABLONOWSKI,

Plaintiffs, Case No. 2:18-cv-00818-SPC-DNF

v.

KEVIN PHILIP ROSENBACH, M.D.,
And KEVIN P. ROSENBACH, M.D. P.A,
Defendants.
_______________________________________/

**RELATORS' MOTION TO DISMISS AMENDED COUNTERCLAIM AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure, Relators Janet Walton and Tim Yablonowski hereby move this honorable Court to dismiss each and every count in the purported amended counterclaim filed by Defendants Kevin Philip Rosenbach, M.D., and Kevin P. Rosenbach, M.D. P.A., and as grounds therefore, state:

**MEMORANDUM OF LAW**

**BACKGROUND**

On August 6, 2026, Defendants Kevin Philip Rosenbach, M.D., and Kevin P. Rosenbach, M.D. P.A. ("Defendants") filed a pleading titled, "Answer and Affirmative Defenses." *See* Doc. # 87. At the conclusion of their Answer and

Affirmative Defenses, Defendants included a section titled, Counterclaims Against Relators Janet Walton and Tim Yablonowski ("Relators"), purporting to allege four Florida state-law torts. *See* Doc. #87 at 24-27 (attempting to assert claims for "Fraud/Fraudulent Misrepresentation" (Count I), "Defamation/Libel" (Count II), "Tortious Interference with Business Relationships" (Count III), and "Abuse of Process" (Count IV)).

On August 27, 2026, Relators filed a motion to dismiss. *See.* Doc. #88.

On September 17, 2026, after the government filed the Second Amended Complaint, Defendants filed a document entitled "Answer to Second Amended Complaint, Affirmative Defenses, and Counterclaims." *See* Doc. #92. At the conclusion of this pleading, Defendants include a section titled, "Counterclaims Against Relators Janet Walton and Tim Yablonowski," purporting to allege the same four Florida state-law torts identified in their original counterclaim. This operative pleading will be referred to here as Defendants "Amended Counterclaim." In the Amended Counterclaim, Defendants address none of the fatal flaws identified by Relators in their August 27, 2026, motion to dismiss.

Each of the four purported Florida state-law counts in Defendants' Amended Counterclaim is based explicitly and integrally on allegations contained in a qui tam complaint filed by Relators under seal "[o]n or about December 14, 2018." Doc. #92 at 20, 21-22. Count I of Defendants' Amended Counterclaim attempts to

state a claim for "Fraud/Fraudulent Misrepresentation." Doc. #92 at 24. Count II of Defendants' Counterclaim attempts to state a claim for "Defamation/Libel." Doc. #92 at 24-25. Count III of Defendants' Counterclaim attempts to state a claim for "Tortious Interference with Business Relationships." Doc. #92 at 25-26. Count IV of Defendants' Counterclaim attempts to state a claim for "Abuse of Process." Doc. #92 at 26-27. Defendants acknowledge, as they must, that the United States has intervened in this case and filed a Second Amended Complaint that does not contain many of the statements included in Relators' original qui tam complaint, upon which Defendants attempt to base their amended counterclaim counts.

Each of the Defendants' four purported state-law counterclaims must be dismissed in their entirety for two independent and related reasons. First, this Court must dismiss each count of the Amended Counterclaim under Florida's litigation privilege because Defendants base each of the four Florida torts on allegations made in Relators' qui tam complaint. This broad privilege provides "absolute immunity" with regard to "any act occurring during the course of a judicial proceeding" that is related to that proceeding. *See Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994). As discussed below, filing a qui tam complaint is an essential part of a judicial proceeding, and Defendants are absolutely barred from bringing Florida state-law claims against Relators on the basis of statements made in their qui tam

complaint. The public policy of prompting and encouraging whistleblowers to report fraud, reinforces the public policy of permitting litigants to "be free from the fear of later civil liability as to anything said or written during litigation so as not to chill the actions of the participants in the immediate claim." *See id.*; *see also United States v. Cancer Treatment Centers of Am.*, 350 F. Supp. 2d 765, 773 (N.D. Ill. 2004) (noting False Claims Act's "strong policy of protecting whistleblowers who report fraud against the government").

Second, this Court should dismiss for lack of federal jurisdiction over the Amended Counterclaim's state-law tort counts. Supplemental jurisdiction is not mandatory, and this Court should decline to exercise supplemental jurisdiction here, where, despite Defendants' claims to the contrary, the conduct alleged – filing a qui tam complaint – occurred after and independent of the conduct alleged in the qui tam complaint over which this court has jurisdiction, and involves many unrelated, independent issues far from the core of operative facts at issue in the government's underlying qui tam case. More specifically, the original qui tam complaint *against* Defendants alleged unlawful conduct and submission of false claims by Dr. Rosenbach and his professional association from 2015 to 2017, *see* Doc. #92 at 21, while the counterclaim filed *by* Defendants asserts Relators made allegations in a qui tam complaint "[o]n or about December 14, 2018." Doc. #92 at 20. Because the time period at issue in the core qui tam case over which this Court

has subject matter jurisdiction, as well as many of the facts and legal questions, are distinct and different from those relevant to Defendants' Amended Counterclaim counts, the latter do not arise from the same operative facts, and there is no proper basis to invoke federal supplemental jurisdiction over Defendants' Florida state-law Amended Counterclaim counts.

## DISCUSSION

### I. Defendants' Amended Counterclaim Must Be Dismissed in its Entirety Pursuant to Florida's Robust Litigation Privilege

Florida's litigation privilege provides "absolute immunity 'to any act occurring **during** the course of a judicial proceeding . . . so long as the act has some relation to the proceeding.'' *Zakharova v. Maya*, 424 So. 3d 553, 556 (Fla. 3d DCA 2025) (quoting *Arko Plumbing Corp. v. Rudd*, 230 So. 3d 520, 523 (Fla. 3d DCA 2017) (emphasis added by *Zakharova* court) (citing *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So. 2d 380, 384 (Fla. 2007)). Any alleged tortious behavior that allegedly "occurred during a judicial proceeding and had some relation to the proceeding" falls under this broad privilege. *See Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994) ("the torts of perjury, libel, slander, defamation, and similar proceedings that are based on statements made in connection with a judicial proceeding are not actionable"); *id.* (extending absolute immunity to tortious interference claims, stating, "absolute immunity must be afforded to any act

occurring during the course of a judicial proceeding, regardless of whether the act involves a defamatory statement or other tortious behavior . . . so long as the act has some relation to the proceeding"); *Boca Invs. Grp., Inc. v. Potash*, 835 So. 2d 273, 274-75 (Fla. 3d DCA 2002) (affirming judgment on the pleadings in favor of defendants based on absolute litigation privilege because "all of the acts alleged in support of the tortious interference claim bear a relationship to the proceedings instituted by defendants").

The Florida Supreme Court has clarified that Florida's broad litigation privilege covers everyone involved in the judicial proceeding, including parties. *Levin*, 639 So. 2d at 608 ("The immunity afforded to statements made during the course of a judicial proceeding extends not only to the parties in a proceeding but to judges, witnesses, and counsel as well.") *see also DelMonico v. Traynor*, 116 So. 3d 1205, 1216 (Fla. 2013) ("In determining that the public interest of disclosure outweighs an individual's right to an unimpaired reputation, courts have noted that participants in judicial proceedings must be free from the fear of later civil liability as to anything said or written during litigation so as not to chill the actions of the participants in the immediate claim.") (quoting *Levin*, 639 So. 2d at 608). While those who claim to have been injured by a party's or attorney's conduct in a judicial proceeding are absolutely barred from bringing state-law tort actions against other parties (or attorneys), courts' inherent authority to control

their dockets and impose discipline for improper behavior provides a potential remedy for alleged improper conduct. *Levin*, 639 So. 2d at 608-09.

Here, every alleged improper act upon which Defendants base each of their four purported state-law counterclaims relates to an allegation made in Relators' qui tam complaint, the document that initiated the present judicial proceeding. In their prefatory allegations incorporated into each count, Defendants allege: "***In Relators' Complaint*** in support of Counts I and II, Dkt. 1, Relators made material false statements." Doc. #92 at 21 (emphasis added). With regard to Count I, Defendants state, "Relators made material false representations of fact as alleged above." Doc. #92 at 24. All the above "representations of fact" relate to allegations in Relators' qui tam complaint. The same is true regarding all identified alleged "defamatory statements," undergirding Count II, *id.* as well as statements and actions purporting to support Counts III and IV, *see id.* at 26. To the extent Defendants rely on vague allegations of Relators' actions, such allegations are insufficient to meet the heightened pleading standards of Rule 9(b) of the Federal Rules of Civil Procedure applicable to fraud allegations.

The filing of a complaint in a court of law is the quintessence of what Florida's litigation privilege protects. Thus, Florida prohibits tort actions based on statements made in such a complaint. The "public interest" underlying Florida's broad litigation privilege, *see Levin*, 639 So. 2d at 608 ("public interest of

disclosure outweighs an individual's right to an unimpaired reputation" because litigants "in judicial proceedings must be free from the fear of later civil liability as to anything said or written during litigation so as not to chill the actions of the participants in the immediate claim . . . . [and] the chilling effect on free testimony would seriously hamper the adversary system if absolute immunity were not provided"), applies with even greater force in the qui tam context, where the United States relies on whistleblowers to come forward and report fraud and malfeasance. *See United States v. Cancer Treatment Centers of Am.*, 350 F. Supp. 2d 765, 773 (N.D. Ill. 2004) (noting False Claims Act's "strong policy of protecting whistleblowers who report fraud against the government").

In sum, Defendant's Amended Counterclaim – Defendants' bald effort to intimidate and punish Relators for reporting Defendants' fraud that the United States has vetted and agreed with by virtue of intervening here – and each count therein must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. Defendants' Amended Counterclaim Should Be Dismissed For Lack of Jurisdiction

Defendants seek to inject their Florida state-law tort claims against Relators into this federal False Claims Act case pursued by the United States, by attempting to invoke this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). To do so, Defendants contend their Amended Counterclaim is a "compulsory"

counterclaim under Rule 13(a) of the Federal Rules of Civil Procedure, and that "the counterclaim arises out of the same case or controversy as the underlying qui tam action." Doc. #92 at 19, 20. However, the allegations in Defendants' Amended Counterclaim all relate to allegations contained in Relators' initial qui tam complaint (filed in 2018) that has been superseded by the United States's Intervenor Complaint and Second Amended Complaint, and thus no longer serves as the operative complaint. *See* Doc. #92 at 21.

As an initial matter, the conduct alleged in the qui tam complaint against Defendants took place between 2015 and 2017, while Relators' initial qui tam complaint was filed in December 2018, *see* Doc. #92 at 20-21. Further and relatedly, as Defendants acknowledge, many of the statements upon which Defendants attempt to base their counterclaims have been omitted from the government's amended complaints, thus are no longer part of the current case before the Court. Finally, the alleged motives and mental state of the Relators is no part of the present case or controversy – which is being prosecuted by the United States and only nominally involves Relators, in the quasi-non-party status whistleblowers occupy under the False Claims Act. *Cf. Rekor Sys., Inc. v. Loughlin*, No. 19-CV-7767 (LJL), 2020 WL 6898271, at *16 (S.D.N.Y. Nov. 23, 2020) (noting, the "Second Circuit has held that a claim for libel is not a

compulsory counterclaim to an affirmative action alleging violations that are described in the allegedly libelous statement").

Here, Defendants' Amended Counterclaim counts, all asserting some version of the allegation that Relators falsely accused Defendants of misconduct, do not depend sufficiently on the same core of operative facts underlying the government's prosecution of its qui tam complaint. *See Republic Health Corp. v. Lifemark Hosps. Of Fla., Inc.*, 755 F.2d 1453, 1455 (11th Cir. 1985). Because Defendants' Amended Counterclaim concerns law, facts, and circumstances far beyond the core questions in the government's qui tam case, this Court is not required to exercise its supplemental jurisdiction over the Florida state-law counts in the counterclaim, and it should decline to do so.

Consequently, this Court should dismiss the counterclaim based on lack of jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

**CONCLUSION**

For the foregoing reasons, this Court should dismiss Defendants' Amended Counterclaim, and each of its four counts, with prejudice.

[signature on following page]

Respectfully submitted,

**ELLSWORTH LAW FIRM, P.A.**
Thyssen Building
1000 5th Street, Suite 200
Miami Beach, FL 33139
(305) 535-2529 (phone)
(305) 525-2881 (fax)
sean@ellslaw.com

/s/
Sean M. Ellsworth
Florida Bar No. 39845

## CERTIFICATE OF CONFERRAL

Pursuant to M.D. Fla. Local R. 3.01(g), I HEREBY CERTIFY that undersigned counsel conferred with opposing counsel by email on September 30, 2026, and Defendants' Designated Lead Counsel indicated Defendants oppose this motion.

/s/
Sean M. Ellsworth

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 30, 2026, a true and correct copy of the foregoing was filed electronically with the Clerk using CM/ECF, who will serve a copy on all counsel of record.

/s/
Sean M. Ellsworth